**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JESSICA LASHEY WILLIAMS and
TYRONE GREGORY GARRETT,

    Plaintiffs,

vs.                                  Case No. 3:21-cv-994-MMH-JRK

JACKSONVILLE SHERIFF'S OFFICE,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. On October 5, 2021, Defendant Jacksonville Sheriff's Office filed a Notice of Removal, removing the action from the County Court of the Fourth Judicial Circuit in and for Duval County, Florida. Plaintiffs Jessica Lashey Williams and Tyrone Gregory Garrett initiated the underlying action on September 21, 2021, by filing pro se a Complaint for Damages and several miscellaneous documents (Doc. 3; collectively, "Complaint").

    Having reviewed the Complaint, the Court finds that the Complaint is due to be stricken as it does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "conform to procedural rules."

Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). However, despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).

In addition, Rule 10 requires a plaintiff to state his claim "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." See Rule 10(b). In addition, "[i]f doing so would promote clarity," Rule 10 requires that "each claim founded on a separate transaction or occurrence— . . . must be stated in a separate count . . . ." See Rule 10(b). Rules 8 and 10

---

[1] In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). "Where the allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)).

Here, Plaintiffs fail to present a "a short and plain statement of the claim showing that" they are entitled to relief.   Rule 8(a)(2). The Complaint alleges the names of potential causes of action—"serious police misconduct, police auto negligence, false arrest, excessive force use, committing perjury, pain & suffering, [and] loss of income." Complaint 1. But the Complaint does not explain how those causes of action connect with the rambling and incoherent factual allegations found later in the Complaint. Plaintiffs also include

3

photographs and receipts, but those items are not needed to make a short and plain statement of the claim. See Complaint 12–21.

In addition, the Court observes that Plaintiffs fail to utilize separate numbered paragraphs to present their allegations and fail to set forth each of their claims in a separate count. Instead, Plaintiffs attempt to set forth their claims through copies of emails and handwritten notes found on printouts of webpages. See Complaint 3–10. However, this manner of pleading is wholly insufficient to apprise Defendant of the claims being brought against it. Moreover, while the claims in the Complaint appear to be premised primarily on an alleged false arrest and excessive use of force, Plaintiffs also reference negligence, trespassing, perjury, and burglary, such that it is unclear what claim or claims Plaintiffs actually intend to raise in this action or the specific facts allegedly supporting each of those claims. See Complaint 1, 3. Thus, as currently drafted, Defendant cannot be expected to frame a responsive pleading.

In light of the foregoing, the Court will strike the Complaint for failure to comply with Rules 8 and 10, and direct Plaintiffs to file an amended complaint. The amended complaint shall utilize numbered paragraphs, separate counts, and describe in sufficient detail the factual basis for each of the claims and how

Defendant is responsible for each claim. See Rules 8(a)(2), 10(b).[2] The amended complaint need not include photographs, copies of emails and other documents that Plaintiffs believe may be evidence in support of their claims.

Accordingly, it is

**ORDERED**:

1. Plaintiffs' Complaint (Doc. 3) is **STRICKEN**.

2. Plaintiffs shall file an amended complaint consistent with the directives of this Order on or before **November 22, 2021**. Failure to do so may result in a dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida, on October 20, 2021.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc30
Copies to:

Counsel of Record
Pro Se Parties

---

[2] In preparing the amended complaint and any future filings, the Court recommends that Plaintiffs visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without A Lawyer." If Plaintiffs do not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.